UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONAI EL-SHADDAI,<br><br>    Plaintiff,<br><br>        v.<br><br>SALINAS VALLEY STATE PRISON, et al.,<br><br>    Defendants. | Case No. 24-cv-02901-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### 1. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include

detailed factual allegations in a complaint, the complaint must do more than recite elements of a cause of action and state conclusions; rather a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court recently explained this standard: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 2. Legal Claims

Plaintiff alleges that he was the victim of retaliation by prison officials. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 647-49 (1997).

On September 7, 2022, plaintiff filed a staff complaint related to the Americans with Disabilities Act ("ADA") and on August 10, 2023, he filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (dkt. 5 at 4). He states that the seven Defendants filed false Rules Violation Reports ("RVRs") against Plaintiff on February 8, 2023, August 18, 2023 and August 30, 2023. *Id*. He states that these false RVRs were in retaliation for his ADA Complaint and EEOC Charge. (*Id*. at 4-5). Plaintiff lost 121 days of time credits for the August 18, 2023, RVR, and he lost 30 days of time credits for the August 30, 2023, RVR. (*Id*. at 10).

Other than stating that Defendants' actions were in retaliation for his protected conduct, Plaintiff presents no allegations describing how the RVRs were in retaliation for his ADA Complaint or EEOC Charge. Plaintiff does not describe the substance of the ADA Complaint or EEOC Charge, if they involved Defendants or even if Defendants were aware of Plaintiff's filings. Plaintiff presents very few details regarding the actions of the Defendants or how any of their actions constituted retaliation. The majority of the complaint discusses Plaintiff's inmate appeals regarding the RVRs and how the RVRs were improper.

Furthermore, two of the RVRs resulted in the loss of time credits that affected Plaintiff's release date. If Plaintiff were to prevail in this civil rights action, it would accelerate his release and call into question the lawfulness of his continued confinement.

The complaint is dismissed with leave to amend. Plaintiff must describe the specific actions of the individual defendants and describe how they violated his constitutional rights.

1  Conclusory allegations with no support are insufficient. Attaching numerous exhibits is also

2  insufficient. Plaintiff must describe his allegations in any amended complaint. Plaintiff must also

3  address why most of his claims are not barred by *Heck*.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and it must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in dismissal of this case.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 25, 2024

ROBERT M. ILLMAN
United States Magistrate Judge

4